UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>LOGMEIN, INC, ROBERT M. CALDERONI, SARA C. ANDREWS, STEVEN J. BENSON, ITA BRENNAN, MICHAEL J. CHRISTENSON, EDWIN J. GILLIS, DAVID J. HENSHALL, PETER J. SACRIPANTI, and WILLIAM R. WAGNER<br><br>    Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |

## COMPLAINT

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## BACKGROUND

1. This action concerns a proposed transaction announced on December 17, 2019, pursuant to which LogMeIn, Inc, ("LogMeIn" or the "Company") will be acquired by affiliates of Francisco Partners, a technology-focused global private equity firm, and Evergreen Coast Capital Corporation ("Evergreen"), the private equity affiliate of Elliott Management Corporation ("Elliott").

2. On December 17, 2019, LogMeIn's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement"), pursuant to which LogMeIn's stockholders will receive $86.05 per share in cash for each share of common stock they own.

3. On January 17, 2020, in order to convince LogMeIn's stockholders to vote in favor of the Proposed Transaction, Defendants authorized the filing of a materially incomplete and misleading preliminary proxy statement (the "Proxy") with the United States Securities and Exchange Commission ("SEC").

4. The Proxy omits material information with respect to the Proposed Transaction, which renders the Proxy false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act and 28 U.S.C. §1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (a) the conduct at issue will have an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (c) certain Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had

an effect in this District.  Additionally, the Company's common stock trades on the NASDAQ, which is headquartered in this District.

## THE PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LogMeIn common stock.

9.  Defendant LogMeIn is a Delaware corporation and a party to the Merger Agreement.  LogMeIn common stock is traded on the NASDAQ under the ticker symbol "LOGM."

10. Defendant Robert M. Calderoni is Chairman of the Board of the Company.

11. Defendant Sara C. Andrews is a director of the Company

12. Defendant Steven J. Benson is a director of the Company.

13. Defendant Ita Brennan is a director of the Company.

14. Defendant Michael J. Christenson is a director of the Company

15. Defendant Edwin J. Gillis is a director of the Company.

16. Defendant David J. Henshall is a director of the Company.

17. Defendant Peter J. Sacripanti is a director of the Company.

18. Defendant William R. Wagner is President & Chief Executive Officer and a director of the Company.

19. The defendants identified in paragraphs 11 through 19 are collectively referred to herein as the "Individual Defendants."

## FACTS

20. LogMeIn is a leading provider of unified communications and collaboration, identity and access management, and customer engagement and support solutions.  LogMeIn simplifies how

people connect with each other and the world around them to drive meaningful interactions, deepen relationships, and create better outcomes for individuals and businesses. LogMeIn has millions of customers spanning virtually every country across the globe. LogMeIn is headquartered in Boston, Massachusetts with additional locations in North America, South America, Europe, Asia and Australia.

21. On December 17, 2019, LogMeIn's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, LogMeIn's stockholders will receive $86.05 in cash for each share of LogMeIn common stock they own in an all-cash merger.

23. The Merger Agreement further provides that LogMeIn has agreed with Logan Parent, LLC, a Delaware limited liability company ("Parent"), and Logan Merger Sub, Inc., a Delaware corporation and wholly own subsidiary of Parent ("Merger Sub"). Parent and Merger Sub are controlled by Francisco Partners, a technology-focused global private equity firm, and Evergreen Coast Capital Corp., the technology-focused private affiliate of Elliott Management Corporation, an investment management firm hereinafter referred to collectively "FP-E."

24. The Merger Agreement provides, among other things and subject to terms and conditions set forth therein, that Merger Sub will be merged with and into the Company, with the Company surviving as a wholly owned subsidiary of Parent (the "Merger").

25. At the Effective Time (as defined in the Merger Agreement), and as a result of the Merger:

> Each share of common stock, par value $0.01 per share, of the Company (the "Company Common Stock"), that is issued and outstanding immediately prior to the Effective Time, other than share to be cancelled pursuant to Section2.1(b). of the Merger Agreement or Dissenting Shares (as defined in the Merger Agreement), shall be automatically converted

into the right to receive $86.05 in cash, without interest (the "<u>Merger Consideration</u>").

26. The Merger Agreement also provides that:

during the period beginning on the date of the Merger Agreement and continuing until 11:59 p.m. (New York time) on the day that is 45 calendar days following the date of the Merger Agreement (the "Solicitation Period End Date"), the Company may (i) solicit, initiate, facilitate and encourage the making of Acquisition Proposals (as defined in the Merger Agreement) from third parties and provide nonpublic information to such third parties (subject to entry into acceptable confidentiality agreements), and (ii) enter into, continue or otherwise participate in any discussions or negotiations with such third parties regarding such Acquisition Proposals or otherwise cooperate with or assist or participate in or facilitate any such discussions or negotiations or any effort or attempt to make any Acquisition Proposal. From and after the Solicitation Period End Date, the Company will become subject to customary "no shop" restrictions prohibiting the Company and its representatives from soliciting Acquisition Proposals from third parties or providing information to or participating in any discussions or negotiations with third parties regarding Acquisition Proposals, subject to certain exceptions set forth in the Merger Agreement as described below. However, the Company may continue to engage in the foregoing activities with any third party that made a bona fide Acquisition Proposal prior to the Solicitation Period End Date that, on or before the Solicitation Period End Date, the Board determines in good faith, after consultation with its financial advisors and outside legal counsel, constitutes or would reasonably be expected to lead to a Superior Proposal (as defined below) (each, an "Exempted Person").

27. Defendants filed the Proxy with the SEC in connection with the Proposed Transaction.

28. As alleged herein, the Proxy omits material information with respect to the Proposed Transaction, which renders the Proxy false and misleading.

29. First, the Proxy omits material information regarding LogMeIn's financial projections.

30. With respect to both LogMeIn's financial projections, the Proxy fails to disclose, for each set of projections: (i) all line items used to calculate (a) Gross Profit, (b) Adjusted EBITDA, (c)

Adjusted Free Cash Flow, and (d) Unlevered Free Cash Flow; and (ii) a reconciliation of all non GAAP to GAAP metrics.

31. The disclosure of projected financial information is material information necessary for stockholders to gain an understanding of the basis for any projections as to the future financial performance of the combined company. In addition, this information is material and necessary for stockholders to understand the financial analyses performed by the Company's financial advisors rendered in support of any fairness opinion.

32. Second, the Proxy omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, namely Qatalyst Partners and J.P. Morgan.

33. With respect to Qatalyst's *Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) the individual inputs and assumptions underlying the range of discount rates of 9% to 11%; (ii) the Company's terminal value, and (iii) Qatalyst's basis for applying a selected range of UFCF multiples of 12.0x to 17.0x. This information must be disclosed to make the Proxy not materially misleading to LogMeIn shareholders.

34. With respect to Qatalyst's *Selected Companies Analysis*, the Proxy fails to disclose: (i) which set of projections Qatalyst relied upon; (ii) net debt, preferred stock, and minority interest, and (iii) why NortonLifeLock Inc.'s cash flow estimated "were not meaningful." This information must be disclosed to make the Proxy not materially misleading to LogMeIn stockholders.

35. With respect to Qatalyst's *Selected Transactions Analysis*, the Proxy fails to disclose: (i) what comprised the selected financial data compared by Qatalyst in the analysis; (ii) net debt, preferred stock, and minority interest, and (iii) the implied enterprise values for companies observed. This information must be disclosed to make the Proxy not materially misleading to

LogMeIn stockholders.

36. With respect to J.P. Morgan's *Public Trading Multiples Analysis*, the Proxy fails to disclose: (i) what comprised the selected financial data compared by J.P. Morgan in the analysis; (ii) which set of projections J.P. Morgan relied upon; and (iii) net debt, preferred stock, and minority interest. This information must be disclosed to make the Proxy not materially misleading to LogMeIn stockholders.

37. With respect to J.P. Morgan's *Selected Transaction Multiple Analysis*, the Proxy fails to disclose: (i) which set of projections J.P. Morgan relied upon; (ii) net debt, preferred stock, and minority interest, and (iii) the calculated Firm Value for companies observed. This information must be disclosed to make the Proxy not materially misleading to LogMeIn stockholders.

38. With respect to J.P. Morgan's *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (i) the individual inputs and assumptions underlying the range of terminal value growth rate of 2.5%; and (ii) J.P. Morgan's basis for applying a perpetual growth rated of between 2% and 3%. This information must be disclosed to make the Proxy not materially misleading to LogMeIn stockholders.

39. The omission of the above-referenced material information renders the Proxy false and misleading.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

## COUNT I

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, requires that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Defendants issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy and the use of their name in the Proxy, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

44. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  By virtue of their roles as officers and/or directors, each of the Individual Defendants were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to stockholders as required.

45. The preparation of a Proxy by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in preparing and reviewing the Proxy.  Defendants were also negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully.

46. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will

be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law.

## COUNT II

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of LogMeIn within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of LogMeIn, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of LogMeIn, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of LogMeIn, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 22, 2020

**MOORE KUEHN, PLLC**

*/s/Justin Kuehn*
Justin A. Kuehn
Fletcher W. Moore
30 Wall Street, 8th floor
New York, New York 10005
Tel: (212) 709-8245
jkuehn@moorekuehn.com
fmoore@moorekuehn.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*